## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. No. 5:17-cv-00498 |
| | § | |
| 2000 LEAR JET, MODEL 31A, SERIAL | § | |
| NO. 209, REGISTRATION NO. XA-ARD, | § | |
|     *Defendant*. | § | |

### CLAIMANT'S RESPONSE TO PLAINTIFF'S REQUEST TO EXTEND DEADLINE TO COMPLETE DISCOVERY PURSUANT TO SCHEDULING ORDER

Claimant Rajet Aeroservicios S.A. de C.V. ("Claimant") respectfully files this Response to Plaintiff's second request for an extension of the discovery deadlines. In support thereof, the Claimant respectfully states the following:

The Court provided the initial scheduling order in this matter on September 20, 2017. That order contained a deadline of February 13, 2018 to complete all discovery. On February 13, 2018, the last day of the discovery period, the Plaintiff filed an opposed motion to continue the scheduling order by 60 days. The Court granted the Plaintiff's request, extending the deadline by 60 days. The Plaintiff served its discovery requests to Claimant on March 15, 2018. The Claimant timely responded to the Plaintiff's discovery requests on April 16, 2018.

In its second opposed extension for an extension of the discovery deadline, the Plaintiff states that the extension is needed because: 1. The parties need additional time to finalize the dates and locations of certain depositions; 2. To continue an exchange of discovery material; and 3. To exhaust all options for an agreed resolution to preclude addition judicial resources and *preclude the need for extensive discovery proceedings*. None of these reasons support the need to extend the discovery deadline.

With respect to the "dates and locations of certain depositions" the parties have agreed to

postpone and reschedule the three depositions at issue after the Court rules on the Claimant's Motion for Protective order.  An extension of the discovery deadline is not required to accommodate those depositions.  Further, it is contradictory for the Plaintiff to argue to extend the discovery deadline after that deadline has passed, in order to "preclude" "extensive discovery proceedings."  Finally, the parties can negotiate an agreed settlement just as easily without an extension of the discovery deadline, and are more incentivized to do so in a timely manner if the Court were to decline to extend the discovery deadline.

  As stated in the Plaintiff's first request seeking an extension of the discovery deadlines, the "Claimant is opposed to a general extension of the discovery deadline such to allow for new discovery requests as Claimant believes the Court has provided adequate time in its current scheduling order for the parties to complete written discovery, given the time-sensitive nature of the Government's forfeiture action and the rapidly depreciating aircraft at issue."

DATED:  April 17, 2018

             Respectfully submitted,

             PARKER & SANCHEZ, LLC

             By: /s/ *C. Anderson Parker*_____
                 Charles Anderson Parker
                 712 Main St., Suite 1600
                 Houston, Texas 77002
                 Texas State Bar No. 24046584
                 Federal ID # 567726
                 Andy@ParkerSanchez.us
                 Tel (713) 659-7200
                 Fax (713) 659-7203
                 Attorney for Claimant Rajet
                 Aeroservicios S.A. de C.V.

## **CERTIFICATE OF SERVICE**

I certify that on this 17th day of April, 2018, a copy of the foregoing was served, via ECF manager, to all counsel of record:

Mary Nelda G. Valadez
Asst. U.S. Attorney
Asset Forfeiture Section
601 N.W. Loop 410, Suite 600
San Antonio, TX  78216
MValadez@usa.doj.gov

Diann M. Bartek
DYKEMA COX SMITH
1400 N. McColl Rd., Suite 204
McAllen, TX  78501
dbartek@dykema.com

                                                /s/ *C. Anderson Parker*
                                                Charles Anderson Parker